<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

GARY RAMSEY,

        Plaintiff,

        v.

COLONEL JUSTIN J. DINTINO, et al.,

        Defendants.

Civil Action No. 05-5492 (JAG)

**OPINION**

<u>**GREENAWAY, JR., U.S.D.J.**</u>

This matter comes before this Court on Defendants'[1] motion for partial dismissal of Plaintiff Gary Ramsey's Complaint, pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted. For the reasons set forth below, Defendants' motion will be granted in part and denied in part.

## I. INTRODUCTION

Plaintiff filed the instant action on November 18, 2005. Plaintiff's Complaint alleges, *inter alia*, that Defendants violated his civil rights under the Fourth, Fifth, Eighth, Ninth, and

---

[1] The Complaint names as Defendants: Colonel Justin J. Dintino, former Superintendent of the New Jersey State Police; Colonel Joseph Fuentes, current Superintendent of the New Jersey State Police; Sergeant First Class John Beyers, a member of the New Jersey State Police; John Doe 1-2 and Jane Doe 1-2, unknown members of the New Jersey State Police. Defendants are named in their individual capacities only. All claims against Colonel Fuentes have been dismissed with prejudice, pursuant to a Voluntary Stipulation of Dismissal and Order, dated Dec. 8, 2006.

Fourteenth Amendments of the Constitution of the United States, in violation of 42 U.S.C. §§ 1981, 1982, 1983, and 1985.  Plaintiff also alleges violations of the New Jersey State Constitution and the New Jersey Law Against Discrimination ("NJLAD"), and asserts common law claims of false arrest, false imprisonment, and malicious prosecution.

Defendants' motion contends that partial dismissal of Plaintiff's Complaint is warranted because: (1) Plaintiff has failed to allege a set of facts which could impute liability under 42 U.S.C. § 1983 upon Defendant Colonel Dintino for his alleged failure to train and/or supervise the Defendant troopers; (3) Plaintiff's claims against Defendants, pursuant to 42 U.S.C. § 1981, must be dismissed because 42 U.S.C. § 1983 is the exclusive remedy against state actors for violations of federal rights, and Plaintiff's § 1981 claim is barred by the statute of limitations; (4) Plaintiff fails to allege a claim under 42 U.S.C. § 1982; (5) Plaintiff fails to state a cognizable claim against Defendants under 42 U.S.C. § 1985; (6) Plaintiff fails to state a claim under the Fifth, Eighth, and/or Ninth Amendments; (7) Plaintiff's state law claims are barred by the statute of limitations; (8) Plaintiff's common law tort claims fail to comply with the notice requirement of the New Jersey Tort Claims Act ("NJTCA"); and (9) Plaintiff's common law tort claims for malicious prosecution fail because Plaintiff cannot establish the absence of probable cause or that the criminal proceedings against him were terminated in his favor.[2]

---

[2]Defendants also argue that Plaintiff's complaint must be dismissed to the extent Defendants Colonel Dintino and Sergeant First Class John Beyers are sued in their official capacities because, (1) in their official capacities, they are not "persons" within the meaning of 42 U.S.C. § 1983, and (2) any claims against those Defendants acting in their official capacities are barred by the Eleventh Amendment.  Plaintiff's Complaint unequivocally sets forth claims against the individual defendants in their *individual capacities only.*  (Compl. ¶¶ 14-19.)  Thus, any arguments moving to dismiss claims made against them in their official capacities are ungrounded and irrelevant, and are hereby disregarded by this Court.

Defendants also argue that Plaintiff fails to state a cognizable claim under 42 U.S.C. §

## II. **FACTUAL BACKGROUND**

This case arises out of a March 26, 1993 New Jersey State Police ("NJSP") stop and search of a motor vehicle near Exit 9 on the south-bound lanes of the New Jersey Turnpike. (Compl. ¶ 20.)  Plaintiff Gary Ramsey ("Plaintiff"), a Georgia state resident (Compl. ¶ 1), was a passenger in the vehicle, and one of three "young, dark skinned m[ale]" occupants (Compl. at ¶ 21.)  Defendant John Beyers, the New Jersey State Trooper who stopped the vehicle, claimed he did so because the driver, James Samuel, was speeding.  (Compl. ¶ 21.)  Plaintiff, however, contends that Trooper Beyers stopped the vehicle as a result of racial profiling.  (Compl. ¶¶ 24-25.)

Defendants, allegedly without probable cause, then conducted a search of the vehicle and its passengers.  (Compl. ¶ 20-22.)  The search resulted in the discovery of illegal drugs in the vehicle, which in turn led to Plaintiff's conviction for possession of cocaine with intent to distribute.  Plaintiff was sentenced to a total custodial term of eight years for this offense. (Compl. ¶¶ 24, 26.)

Plaintiff alleges that because of the arrest and conviction stemming from the March 26, 1993 stop and search, he was classified as a career offender in an unrelated federal conviction, and was given a greatly enhanced sentence in that case.  (Compl. ¶ 28.)

Then, on Apr. 19, 2002, the State of New Jersey moved in state court to vacate the convictions and dismiss the indictments with prejudice against Plaintiff and numerous other

---

1986.  Plaintiff does not purport to state a claim under § 1986; nowhere in the Complaint is § 1986 mentioned.  Thus, this Court need not address Defendants' arguments regarding § 1986.

persons. (Compl. ¶ 30; Heinzel Aff. ¶ 1.) In the affidavit in support of its motion to vacate, the State declared,

> one could argue and a conclusion could be drawn by the court that colorable issues of racial profiling are present in each case. Rather than litigating the issues of selective enforcement, whether generally or specifically, in the interests of justice[,] the State hereby moves to vacate the . . . convictions and to dismiss the indictments with prejudice.

(Heinzel Aff. ¶¶ 4, 5.) On Nov. 13, 2003, the Honorable Phillip L. Paley of the New Jersey Superior Court vacated Ramsey's conviction and dismissed the indictment against him with prejudice. (Compl. ¶ 30; Pl.'s Exh. 4, Order to Vacate.)

Armed with the state court Order to Vacate, Plaintiff then filed a Motion to Vacate, Set Aside, or Correct Sentence in the United States District Court for the Eastern District of Pennsylvania to reverse the career-offender enhancement on his unrelated federal sentence. (Compl. ¶ 12.) In a February 2006 Memorandum and Order, the Honorable William H. Yohn, Jr. denied Plaintiff's motion, holding that Plaintiff's state conviction, in accordance with United States Sentencing Guidelines, did not affect the length of his federal sentence of 360 months. (Defs.' Br., Exh. E, Sentencing Order at 7.) In essence, though Plaintiff's vacated conviction had been part of the calculus in determining his sentencing range (360 months to life), the absence of that conviction would not have removed him from that sentencing range. (Id. at 7-8.) Because Plaintiff was given the lowest sentence in that range, he did not receive any sentencing enhancement from his state conviction. (Id. at 8.)

Plaintiff filed the instant action against Defendants on Nov. 18, 2005, over twelve and one-half years after the alleged illegal vehicle search and seizure, and two years and five days after Plaintiff's conviction was vacated and his indictment dismissed with prejudice.

4

## III. DISCUSSION

### A.     Legal Standard Governing Motions To Dismiss

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Morse v. Lower Merion School District, 132 F.3d 902, 906 n.8 (3d Cir. 1997). All reasonable inferences, however, must be drawn in the plaintiff's favor. See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist. See FED. R. CIV. P. 8(a)(2); Conley, 355 U.S. at 45-46. "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

In adjudicating a motion to dismiss, a court generally may not consider matters extraneous to the pleadings without "converting" the motion to dismiss to a motion for summary judgment. In re Rockefeller Center Properties, Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999). A court may, however, "consider certain narrowly defined types of material without converting the motion to dismiss," such as, when "a document is *integral to or explicitly relied upon* in the complaint." Id. (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)) (emphasis in original). A court may also consider "an 'undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.'" Id. (quoting PBGC v. White Consol. Indus., 998 F.2d 1192, 1196 (3d. Cir. 1993)).[3]

---

[3] The documents submitted by Plaintiff and Defendants with their briefing on this motion may only be considered by this Court, if they are "*integral to or explicitly relied upon* in the [C]omplaint." Id. (quoting In re Burlington, 114 F.3d at 1426) (emphasis in original). Plaintiff attached to his opposition brief a certification and seven exhibits. Only one of those Exhibits is integral to the Complaint, and relevant to this Court's adjudication of this matter. Plaintiff's Exhibit 4 is a copy of the Order of the Honorable Phillip L. Paley of the Superior Court of New Jersey, Law Division, Criminal Part, Middlesex County, dated Nov. 13, 2003, vacating the conviction of, and dismissing the indictment against, Gary Ramsey (hereinafter "Order to Vacate"). This document is explicitly relied upon in the Complaint to establish that Plaintiff's conviction was vacated and his indictment dismissed with prejudice. This Court may consider the Order to Vacate in ruling on the pending motion to dismiss, as a result.

Defendants submitted one certification, with six exhibits attached, in support of its motion for partial dismissal. Only two of the documents are integral to Plaintiff's Complaint and relevant to this Court's adjudication of the instant matter. Exhibit D is a copy of the Order to Vacate, and is identical to Exhibit 4 attached to Plaintiff's brief. Exhibit E is a copy of a Memorandum and Order of the Honorable William H. Yohn of the United States District Court for the Eastern District of Pennsylvania, entered in February 2006, denying Plaintiff's Motion to Vacate, Set Aside, or Correct Sentence (hereinafter "Sentencing Order"). This memorandum is integral to and directly applicable to Plaintiff's contention that he is "awaiting a hearing on a motion to reduce his unlawfully enhanced sentence . . ." (Compl. ¶ 29.) This Court may consider the Order to Vacate and the Sentencing Order in deciding the pending motion, as a result. This Court will not consider any other exhibit submitted with the parties' briefing on the pending motion.

Absent inequity or futility of doing so, a plaintiff should be given an opportunity to amend her complaint prior to its dismissal, with prejudice, under Rule 12(b)(6), regardless of whether the plaintiff has requested leave to amend. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Supreme Court of the United States has characterized dismissal with prejudice as a "harsh remedy," New York v. Hill, 528 U.S. 110, 118 (2000), and has instructed that "refusal to grant leave [to amend] without any justifying reason appearing for the denial is not an exercise of discretion; [but] is merely [an] abuse of that discretion and [is] inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 182 (1962). A court, however, may dismiss a complaint without granting leave to amend, if doing so would be futile, would cause undue delay or prejudice, or would further plaintiff's bad faith or dilatory motives. In re Burlington, 114 F.3d at 1434. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing 'futility,' . . . [a] court applies the same standard of legal sufficiency as applied under Rule 12(b)(6)." In re Burlington, 114 F.3d at 1434 (citation omitted).

**B.** **Whether Plaintiff Has Adequately Alleged A § 1983 Claim Against Colonel Dintino In His Individual Capacity**

Defendants argue that Plaintiff has failed to allege any facts supporting his § 1983 claim against Colonel Dintino. Defendants specifically contend that while Colonel Dintino was serving as Superintendent at the time of Plaintiff's arrest, Plaintiff has made no allegations that he was personally involved in Plaintiff's arrest or prosecution. Plaintiff counters that he has alleged Colonel Dintino's direct participation in the policy of racial profiling, which resulted in his arrest.

7

A plaintiff can seek "to impose personal liability upon a government official for action he takes under color of state law" in an individual capacity suit. Kentucky v. Graham, 473 U.S. 159, 165 (1985). To sustain a § 1983 claim against an official in his individual capacity, a plaintiff must allege that he personally directly or indirectly participated in the events surrounding the claim. See e.g., Brown v. Sielaff, 474 F.2d 826, 827 (3d Cir. 1973) (finding "no claim existed for which relief may be granted" where a prisoner plaintiff failed to allege defendant's direct participation in causing his injury); Esnault v. Burnett, 83 Fed. Appx. 279, 282 (10th Cir. 2003) ("Under § 1983 , when a defendant is sued in his individual capacity, the complaint must allege facts that show the defendant personally participated in the alleged violation"). Indeed, it is well established that a plaintiff cannot maintain § 1983 claims against individual defendants under a theory of *respondeat superior*. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (in order to be liable under § 1983 as supervisors, individual city officials must have "personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*"). Consequently, liability under § 1983 only adheres where the defendant was personally involved in the alleged wrongs. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

Further, although a defendant may be liable where he "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm," Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989), "[a]llegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." Rode, 845 F.2d at 1208 (citations omitted). See also Thomas v. Independence Twp., 463 F.3d 285, 298 (3d Cir. 2006) (dismissing § 1983 claims because there

were no allegations that the defendants were personally involved through either direction or knowledge and acquiescence with the alleged wrongs); Jetter v. Beard, 130 Fed. Appx. 523, 526 (3d Cir. May 5, 2005) (dismissing § 1983 claims against supervisory defendants because plaintiff did not allege any facts to support a conclusion that those defendants had personal involvement in the medical treatment he received).

Plaintiff's Complaint alleges that Colonel Dintino, in his individual capacity, "was directly responsible for the practices and procedures of the State Police, including the policies, practices and procedures used on Plaintiff, Gary Ramsey . . . Said Defendant directly participated in the perpetuation of the illegal practices of racial profiling and malicious prosecution." (Compl. ¶ 15.) Plaintiff's Complaint further alleges that Colonel Dintino,

> knowing the rights of Plaintiff, or with deliberate indifference to such rights, failed to instruct, supervise and train members of the State Police under [his] oversight . . . in such a manner as to assure the proper treatment of Plaintiff which is consistent with the standards of proper arrest practices and procedures as a whole, thus endangering Plaintiff's health and well-being and subjecting him to cruel and unusual punishment, in violation of the rights, privileges and immunities secured to Plaintiff and members of Plaintiff's class.

(Id. ¶ 38.)

These allegations are insufficient to state a claim against Colonel Dintino in his individual capacity with "appropriate particularity." Plaintiff's claim effectively alleges that Colonel Dintino was "directly responsible" for the racial profiling allegedly directed at Plaintiff because he knowingly or indifferently failed to instruct, train, or supervise his inferior officers, one of whom was responsible for the stop and search of Plaintiff. These allegations do not allege that Colonel Dintino personally participated in the events surrounding Plaintiff's arrest, but rather attempt to hold Colonel Dintino responsible for the conduct of his subordinates on the basis of

9

*respondeat superior*.  See, e.g., Crosby v. Georgakopoulos, No. Civ. 03-5232(WGB), 2005 WL 1514209, at *4 (D.N.J. June 24, 2005) ("Crosby alleges that Warden Green, by 'failing to oversee or properly supervise officer [sic] under his charge, became personally involved in the wrongdoing.' Am. Compl. 8. Therefore, to the extent that Crosby attempts to place liability on Warden Green on the basis of *respondeat superior* for the actions of his subordinates, Crosby's claims lack merit. The Court dismisses all claims by Crosby against Warden Green solely as the supervisor of the officers who are personally involved in the action"); Dorsett v. New Jersey State Police, Civil Action No. 04-CV-5652 (WJM), 2007 WL 556890, at *4 (D.N.J. Feb. 15, 2006) (dismissing § 1983 claims against supervisors because there were no allegations that any particular supervisor had personally directed or knowingly acquiesced in the particular civil rights violation); Kretchmar v. Bachtle, 2005 WL 1367412, at *3 (E.D. Pa. June 6, 2005) (dismissing a § 1983 claim against defendants in their individual capacities because "[t]he allegations raised by Plaintiff in Count I against Defendants Wiley and Bachtle focus exclusively on these Defendants' supervisory capacities. Plaintiff does not allege that either Defendant personally participated in, was actually aware of, or acquiesced in the actions of his or her subordinates").

Plaintiff's § 1983 claim against Colonel Dintino in his individual capacity fails, under the law of this Circuit, to state a cause of action upon which relief can be granted. See Evancho, 423 F.3d at 353. Thus, this Court will dismiss Plaintiff's § 1983 claim against Colonel Dintino.

### C.      Whether Plaintiff Has Adequately Alleged A Claim Under 42 U.S.C. § 1981

Defendants argue that Plaintiff's claims against all Defendants under 42 U.S.C. § 1981 must be dismissed because (1) § 1983 is the exclusive remedy for damages against state actors

for alleged violations of civil rights; and (2) Plaintiff's § 1981 claims are time barred by the applicable statute of limitations. While Defendants contend that Plaintiff's action accrued in 1993, when he was subject to the allegedly unlawful search and seizure, and subsequent arrest and conviction, Plaintiff counters that Gibson v. Superintendent of New Jersey Dept. of Law and Public Safety, 411 F.3d 427 (3d Cir. 2005) and Heck v. Humphrey, 512 U.S. 477 (1994) "stand[ ] for the proposition, inter alia, that . . . [his] civil rights claim under the 4th and 14th amendments [sic] [did] not accrue until" his conviction was vacated on November 13, 2003, and that his § 1981 claim is not time barred, as a result. (Pl.'s Opp. at 8.) Because this Court finds that Plaintiff's § 1981 claim is barred by the applicable statute of limitations, it need not determine when this action actually accrued. Additionally, this Court need not address Defendants' argument regarding the exclusivity of § 1983.

"Like many federal statutes, 42 U.S.C. § 1981 does not contain a statute of limitations . . . [Therefore,] federal courts should apply the 'the most appropriate or analogous state statute of limitations' to claims based on asserted violations of § 1981." Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 371 (2004) (quoting Goodman v. Lukens Steel Co., 482 U.S. 656, 660 (1987)).

The Supreme Court, in Goodman, held that a state's personal injury statute of limitations governs § 1981 claims. 482 U.S. at 662. See also, Runyon v. McCrary, 427 U.S. 160, 180-81 (1976) (applying Virginia's statute of limitations for personal injury actions to a § 1981 claim). In New Jersey, N.J. STAT. ANN. § 2A:14-2 specifies a two-year statute of limitations for personal

injury actions.[4]  Consequently, in New Jersey, most § 1981 claims are subject to the two-year

limitation.  Cardenas v. Massey, 269 F.3d 251, 255 (3d Cir. 2001).

If all § 1981 claims are subject to the two-year statute of limitations, then Plaintiff's §

1981 cause of action, which is contained in his November 18, 2005 Complaint, is time barred

even if it did not accrue until Nov. 13, 2003, when the Order to Vacate was issued.  Some § 1981

claims, however, are subject to a four-year statute of limitations.

In 1990, Congress enacted 28 U.S.C. § 1658, which implemented a four-year statute of

limitations for any civil action arising under an act of Congress "enacted after the date of the

enactment of this section."  28 U.S.C. § 1658.

At its inception, § 1981 consisted only of subsection (a), which sets forth a statement of

equal rights as follows:

> All persons within the jurisdiction of the United States shall have the same right
> in every State and Territory to make and enforce contracts, to sue, be parties, give
> evidence, and to the full and equal benefit of all laws and proceedings for the
> security of persons and property as is enjoyed by white citizens, and shall be
> subject to like punishment, pains, penalties, taxes, licenses, and exactions of every
> kind, and to no other.

42 U.S.C. § 1981(a).  In 1991, Congress added subsections (b) and (c) to § 1981.  Subsection (b)

"define[d] the term 'make and enforce contracts to include the termination of contracts and the

enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'"

Jones, 541 U.S. at 373 (quoting § 1981(b)).  Subsection (c), entitled "Protection against

impairment," stated: "[t]he rights protected by this section are protected against impairment by

---

[4]N.J. STAT. ANN. § 2A:14-2 provides that "[e]very action at law for an injury to the
person caused by the wrongful act, neglect or default of any person within this State shall be
commenced within 2 years next after the cause of any such action shall have accrued . . . "

nongovernmental discrimination and impairment under color of State law."

In <u>Jones</u>, the Supreme Court settled a split among the circuits, and held that if a § 1981 claim is made possible because of a post-1990 enactment, then that claim is subject to the catchall four-year statute of limitations, as set forth in 28 U.S.C. § 1658. 541 U.S. at 382-83. Otherwise, § 1981 claims, which were actionable prior to the 1990 amendment, are subject to the appropriate state statute of limitations. <u>Id.</u> The applicable statute of limitations in this action is determined based on whether Plaintiff's § 1981 claim was made possible because of the addition of subsections (b) or (c), or whether his § 1981 claim was already actionable under subsection (a). If the action is rooted in subsection (b) or (c), the four year statute of limitations applies; if the action is rooted in subsection (a), then the two-year statute of limitations of N.J. STAT. ANN. § 2A:14-2 applies. <u>Id.</u>

Plaintiff does not allege any violation that could be characterized as hindering his contractual, property or pecuniary rights. Plaintiff only alleges that Defendants' acts violated his "rights, privileges and immunities secured to him by the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments . . . ." (Compl. ¶ 2.) While Plaintiff prays for general damages in excess of $150,000.00 (Compl. ¶ 42), he does not allege, intimate or suggest that the damages claimed are in any way related to contract or property rights. It is apparent to this Court from the allegations in the Complaint that Plaintiff is asserting that Defendants violated his non-contract rights under § 1981.

The clear language of subsection (a) indicates that it protects more than mere contract rights; it protects the right to "sue, be parties . . . and to the full and equal benefit of all laws and proceedings for the security of persons . . . as is enjoyed by white citizens," as well as the right to

13

be subject to "like punishment, pains, penalties . . . and other exactions of every kind, and to no other." 42 U.S.C. § 1981.

Third Circuit precedent permits plaintiffs to file suit under subsection (a) against police officers for violation of their constitutional rights. In Mahone v. Waddle, 564 F.2d 1018 (3d Cir. 1977), which was decided fourteen years prior to the addition of subsections (b) and (c), the Third Circuit reversed in part the district court's grant of defendants' motion to dismiss all claims. Id., 564 F.2d at 1020. The Mahone court specifically reversed the lower court's dismissal of plaintiff's non-contract-clause claims under § 1981 against municipal police officers, in their individual capacity. Id. at 1020-21. In Mahone, police officer defendants allegedly had "verbally and physically abused [plaintiffs], falsely arrested them, and gave false testimony against them." Id. at 1028. Plaintiffs brought suit, *inter alia*, pursuant to § 1981, on the ground "that the conduct of the two police officers was performed under color of state law, that the officers were 'motivated by racial prejudice,' and acted 'with purpose of depriving Plaintiffs of equal protection and benefits of the law, equal privileges and immunities under the law, and due process.'" Id. at 1020-21 (citation omitted). Reversing the motion to dismiss, the Third Circuit held,

> [i]n alleging that because of their race they were arrested without probable cause or warrant and that they were convicted by false testimony of crimes they did not commit, plaintiffs have in effect charged that the City's officers denied them the same "full and equal benefit of . . . laws and proceedings for the security of persons . . . as is enjoyed by white persons." We therefore believe that the facts alleged fall within the broad language of both the equal benefits and like punishment clauses of section 1981.

Id. at 1028.

Mahone clearly demonstrates that Plaintiff's § 1981 claims against Defendants, in their

14

individual capacities, were possible prior to the 1991 amendments to § 1981.  Given that Plaintiff's § 1981 claims fall within the ambit of subsection (a), his claims are subject to the two-year statute of limitations, and not the catchall four-year statute of limitations under 42 U.S.C. § 1658.  Jones, 541 U.S. at 382-83.

Plaintiff, having filed this suit on November 18, 2005, exactly two years and five days after his conviction was vacated, the latest date on which this action can be said to have accrued, is time barred from pursuing his § 1981 cause of action.  Because his § 1981 claim is barred by the applicable statute of limitations, there is no way for Plaintiff to replead his § 1981 cause of action to state a claim for relief, and this Court must dismiss Plaintiff's § 1981 claim, with prejudice.

### D.      Whether Plaintiff Has Alleged Adequately A Claim Under 42 U.S.C. § 1982

Defendants also argue that Plaintiff's § 1982 claim must be dismissed because the statute is inapplicable to the facts alleged in the Complaint.  Plaintiff does not counter Defendants' argument in his opposition brief.  § 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."  42 U.S.C. § 1982.  In effect, § 1982 "prohibits racial discrimination in transactions relating to real and personal property."  Brown v. Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001).  Plaintiff has not made any allegation that any Defendant has deprived him of his real or personal property rights because of his race.  Plaintiff, therefore, has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1982.  This Court must dismiss Plaintiff's § 1982 claim, as a result.

**E.**     **Whether Plaintiff Has Alleged Adequately A Claim Under 42 U.S.C. § 1985**

Defendants contend that Plaintiff has failed to state a cognizable claim under § 1985

because he has (1) failed to allege specific facts sufficient to support a conspiracy motivated by

class-based discriminatory animus; and (2) failed to allege specific facts showing that defendants

agreed to violate his rights.  Plaintiff counters that the allegations in his Complaint are sufficient

to state a claim under § 1985.[5]

"To state a claim under § 1985(3),[6] a plaintiff must allege: (1) a conspiracy; (2) motivated

by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any

---

[5]Plaintiff also contends that the evidence he submitted with his brief makes out a claim
under § 1985.  As this Court has explained, however, it is improper for this Court to consider all
but a sliver of the submitted exhibits in adjudicating Defendants' Rule 12(b)(6) motion.  See  In
re Rockefeller Center Properties, Inc. Sec. Litig., 184 F.3d at 287.  This Court's focus must be on
the allegations in the Complaint.

[6]42 U.S.C. § 1985(1) prohibits preventing an officer from performing his duties, and 42
U.S.C. § 1985(2) addresses obstruction of justice. 42 U.S.C. § 1985(3), is the only portion of §
1985 applicable to this action. 42 U.S.C. § 1985(3) provides:

> If two or more persons in any State or Territory conspire or go in disguise on the
> highway or on the premises of another, for the purpose of depriving, either
> directly or indirectly, any person or class of persons of the equal protection of the
> laws, or of equal privileges and immunities under the laws; or for the purpose of
> preventing or hindering the constituted authorities of any State or Territory from
> giving or securing to all persons within such State or Territory the equal
> protection of the laws; or if two or more persons conspire to prevent by force,
> intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his
> support or advocacy in a legal manner, toward or in favor of the election of any
> lawfully qualified person as an elector for President or Vice President, or as a
> Member of Congress of the United States; or to injure any citizen in person or
> property on account of such support or advocacy; in any case of conspiracy set
> forth in this section, if one or more persons engaged therein do, or cause to be
> done, any act in furtherance of the object of such conspiracy, whereby another is
> injured in his person or property, or deprived of having and exercising any right or
> privilege of a citizen of the United States, the party so injured or deprived may
> have an action for the recovery of damages occasioned by such injury or
> deprivation, against any one or more of the conspirators.

16

person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." Cranbury Brook Farms v. Township of Cranbury, Nos. 06-1707, 06-2825, 2007 WL 432979, at *2 n.4 (3d Cir. Feb. 7, 2007) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971)).

Plaintiff's Complaint makes broad allegations regarding "racial profiling," and asserts that the "individual defendants . . . acting as individuals under the authority and color of State law so as to appear to be acting within the course of their agency and/or employment with the Division of New Jersey State Police . . . used their positions, the force of their authority under color of state law deprived Plaintiff of his civil rights . . ." (Compl. ¶ 14.)

These allegations do not state a claim for relief under 42 U.S.C. § 1985(3). The Complaint makes no allegation that there was an *agreement* among the Defendants, i.e., a conspiracy, motivated by racial or class-based animus, to deprive Plaintiff of his civil rights, or facts from which such an agreement can be inferred. See Hall v. Clinton, 285 F.3d 74, 83 (D.C. Cir. 2002) (§ 1985 plaintiffs must allege the elements of civil conspiracy, including "an agreement to take part in an unlawful action or a lawful action in an unlawful manner"); Simmons v. Poe, 47 F.3d 1370, 1376-77 (4th Cir. 1995) ("to prove a section 1985 'conspiracy,' a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights") (citations omitted); Boykin v. Bloomsburg Univ. of Penn., 893 F. Supp. 409, 417 (M.D. Pa. 1995) ("[Plaintiff] must allege specific facts that the Defendants reached an understanding or agreement to violate the [Plaintiff's] constitutional right" to state a claim under 42 U.S.C. § 1985). Defendants' motion to dismiss Plaintiff's 42 U.S.C. § 1985

17

claim will be granted.

**F.**     **Whether Plaintiff Has Alleged Adequately A Claim For Violations Of The**
           **Fifth, Eighth, or Ninth Amendments**

Defendants argue that Plaintiff has failed to allege facts that could support a finding that

Defendants have violated Plaintiff's Fifth, Eighth or Ninth Amendment rights.  Plaintiff does not

contest that his Complaint failed to state facts that support claims for violations of these

amendments.  Rather, he indicates that he listed the Fifth, Eighth and Ninth Amendments along

with the Fourth and Fourteenth Amendments, when stating his claims, "to emphasize the fact that

the discrimination to which Plaintiff was subjected resulted in fundamental rights being denied."

(Pl.'s Opp. at 9.)  This Court can find no allegations in the Complaint supporting Plaintiff's

invocation of the Fifth, Eighth or Ninth Amendments.  Plaintiff's claims, to the extent that they

are based on purported violations of these amendments, are dismissed.

**G.**     **Whether Plaintiff's State Law Claims Are Barred By The Applicable Statute**
           **of Limitations**

Defendants argue that Plaintiff's state law claims are barred by the applicable statutes of

limitations.  Plaintiff's opposition does not contain any argument specifically countering

Defendants' motion for dismissal of the state law claims on statute of limitations grounds.

Rather, he relies on his argument, discussed *supra*, that his action accrued on November 13,

2003, rather than in 1993, as Defendants suggest.

In addition to his federal statutory claims, Plaintiff has asserted causes of action against

Defendants for violations of the New Jersey State Constitution and the NJLAD, as well as

common law claims of false arrest, false imprisonment, and malicious prosecution.  The statute

18

of limitations for each of these claims, except for the malicious prosecution claim, is two years.
See Freeman v. State, 347 N.J. Super. 11, 20-22 & n.3 (App. Div. 2002) (affirming trial court's
dismissal of federal and New Jersey state constitutional claims as untimely under New Jersey's
two-year statute of limitations for personal injury claims, N.J. STAT. ANN. 2A:14-2); Montells v.
Haynes, 133 N.J. 282, 286 (1993) (statute of limitations for all claims asserted under the NJLAD
is two years); Nyema v. City of Trenton, Dept. of Corrections, 2007 WL 879564, at *2 (N.J.
Super. Ct. App. Div. Mar. 26, 2007) (false arrest claims are barred by a two-year statute of
limitations); Earl v. Winne, 14 N.J. 119, 128 (1953) (concluding that two-year limitations period
governs false-imprisonment actions because false imprisonment is conduct akin at common law
to assault and battery).

Even if, as Plaintiff suggests, his action accrued upon the issuance of the November 13,
2003 Order to Vacate, all but his malicious prosecution claim is barred by the applicable statutes
of limitations. The Complaint was not filed until November 18, 2003, two years and five days
after the latest date upon which the action could have accrued. Plaintiff therefore, with the
exception of his malicious prosecution claim, has failed to state any state law claim upon which
relief may be granted. Because Plaintiff's state constitutional, NJLAD, false arrest, and false
imprisonment claims are barred by the applicable statutes of limitations, there is no way for
Plaintiff to replead those state causes of action to state claims for relief, and this Court must
dismiss them with prejudice.

Unlike Plaintiff's other state law causes of action, Plaintiff's claim for malicious
prosecution is subject to a six-year statute of limitations. Winne, 14 N.J. at 131-32. A claim for
malicious prosecution "accrues upon termination of the criminal prosecution favorably to the

defendant." <u>Butler v. Sinn</u>, 423 F.2d 1116, 1118 (3d Cir. 1970).  Here, as explained *infra*, the criminal action against Plaintiff was not terminated in his favor.  Thus, the statute has not begun to run because no cause of action for malicious prosecution has accrued.  While this Court cannot dismiss Plaintiff's malicious prosecution action as time barred, it nonetheless must dismiss it for failure to state a claim upon which relief can be granted.

### H.    Whether Plaintiff Has Failed to State A Claim For Malicious Prosecution

Defendants argue that Plaintiff has failed to state a claim for malicious prosecution because, *inter alia*, Plaintiff cannot establish that the criminal proceedings against him were terminated in his favor.  Plaintiff counters that the Order to Vacate was a favorable termination of the criminal proceedings against him.

An element of a claim for malicious prosecution is the favorable termination of criminal proceedings against the Plaintiff.  <u>See Wallace v. Kato</u>, 127 S. Ct. 1091, 1097 (2007); <u>Barco Urban Renewal Corp. v. Housing Authority of City of Atlantic City</u>, 674 F.2d 1001, 1011 (3d Cir. 1982).  Part of the "favorable termination" element of malicious prosecution is that the "plaintiff claiming malicious prosecution must be innocent of the crime charged in the underlying prosecution." <u>Hector v. Watt</u>, 235 F.3d 154, 156 (3d Cir. 2000).  "Even if the plaintiff in malicious prosecution can show that the defendant acted maliciously and without probable cause in instituting a prosecution, it is always open to the defendant to escape liability by showing in the malicious prosecution suit itself that the plaintiff was in fact guilty of the offense with which he was charged." <u>Id.</u> (citation omitted).

Plaintiff does not contend he was innocent of the crime charged; in fact, the Complaint alleges that he was found in possession of illegal drugs, and subsequently arrested and charged

20

with that crime. (Compl. ¶¶ 24, 26.) Plaintiff's conviction was vacated because there were ·

"colorable issues of racial profiling," not because Plaintiff was innocent of drug possession.

(Compl., ¶ 30; Heinzel Aff. ¶¶ 4, 5; Order to Vacate.) Plaintiff, therefore, has failed to allege

facts which could support a malicious prosecution claim. He does not allege he was innocent of

the crime charged. See Dorsett v. New Jersey State Police, Civil Action No. 04-CV-5652

(WJM), 2007 WL 556890, at *5 (D.N.J. Feb. 15, 2007) ("the operative fact is that Plaintiff has

not alleged innocence of the underlying crime for which he was convicted. Plaintiff's conviction

was overturned because there were 'colorable issues' of racial profiling, not because Plaintiff was

innocent of drug possession. Thus, Plaintiff has not established [ ] essential elements necessary

to sustain his malicious prosecution claim"); Wilson v. New Jersey State Police, Civil Action

No., 04-1523 (MLC), 2006 U.S. Dist. LEXIS 60514, at *29-31 (D.N.J. Aug. 15, 2006) (a claim

of malicious prosecution cannot be sustained where a plaintiff's drug possession conviction is

vacated for presenting colorable issues of racial profiling at the traffic stop, which led to

discovery of the contraband); Lane v. Whitman, Civil Action No. 02-4290, 2004 U.S. Dist.

LEXIS 29983, *17-18 (D.N.J. Feb. 18, 2004) (same).

Accordingly, Plaintiff's malicious prosecution claim is dismissed. Under the facts

alleged, Plaintiff cannot assert a claim for malicious prosecution, i.e., the facts adduced affirm

his guilt rather than establish his innocence of the underlying charges. As a result, this Court will

dismiss Plaintiff's malicious prosecution claim, with prejudice.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion for partial dismissal is granted in part

and denied in part. This Court dismisses Plaintiff's 42 U.S.C. § 1983 claim against Defendant

21

Colonel Dintino in his individual capacity; Plaintiff's 42 U.S.C. § 1981 claim against all

Defendants; Plaintiff's 42 U.S.C. § 1982 claim against all Defendants; Plaintiff's claims based

on alleged violations of the Fifth, Eighth, and Ninth Amendments; and Plaintiff's state law

claims.  Plaintiff's state law claims, except for his malicious prosecution claim, and his claim

under 42 U.S.C. § 1981, are dismissed, with prejudice, because they are time barred.  Plaintiff's

malicious prosecution claim is dismissed, with prejudice, because the facts alleged in the

Complaint cannot support a malicious prosecution claim.

Dated: March 30, 2007

_____
JOSEPH A. GREENAWAY, JR., U.S.D.J.