NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY RAMSEY, | |
| Plaintiff, | |
| v. | Civil Action No. 05-5492 (JAG) |
| COL. JUSTIN DINTINO, et al., | **OPINION** |
| Defendants. | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion to dismiss Plaintiff's Complaint, pursuant to FED. R. CIV. P. 12(c), by Defendants Colonel Joseph Fuentes ("Fuentes"), Colonel Justin Dintino ("Dintino"), and Sergeant First Class John Beyers ("Beyers," and, collectively with Fuentes and Dintino, the "Defendants"). On April 20, 2007, Plaintiff filed an Amended Complaint which sets forth causes of action based on "the Civil Rights Laws of the United States of America, more particularly, United States Code Title 42, Sections 1983, 1985(2)(3), 1988(a)(b), and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution" (Am. Compl. ¶ 1), as well as assault and battery claims (id. ¶ 29). Defendants argue that the applicable two-year statute of limitations bars all of Plaintiff's claims. For the reasons set forth below, this motion shall be granted.

## I. <u>BACKGROUND</u>

On March 26, 1993, Beyers, a New Jersey State Trooper, stopped a car driving south on the New Jersey Turnpike.  (<u>Id.</u> ¶ 14.)  Plaintiff Gary Ramsey ("Plaintiff"), a Pennsylvania resident, was a passenger in that vehicle, which was occupied by "young dark skinned males fitting one of the profiling categories."  (<u>Id.</u> ¶¶ 4, 14.)

As a result of the stop, Plaintiff was arrested for, charged with, and ultimately convicted of, illegal possession of drugs with the intent to distribute.  (<u>Id.</u> ¶ 18.)  On August 15, 1994, Plaintiff was sentenced to an eight-year term of imprisonment, with a three-year parole disqualifier.  (<u>Id.</u> ¶ 19; Order of Commitment, attached as Ex. B to Certif. of Tamara L. Rudlow, dated Aug. 21, 2006.)

Plaintiff maintains that the car was stopped due to a pattern and practice among New Jersey State police officers of "making 'profile stops.'" (<u>Id.</u> ¶¶ 22-23.)  Plaintiff alleges in the Amended Complaint that, as early as 1989, lecture courses attended by New Jersey State Troopers taught racial profiling.  (<u>Id.</u> ¶ 10.)  "This approach to conspiring to profile targets continued at least through 1999, when the New Jersey State Police acknowledged an official program of racial profiling when it consented to an order issued by the United States District Court."  (<u>Id.</u>)

"While [Plaintiff] was imprisoned, the State of New Jersey acknowledged that [P]laintiff had been detained, charged and convicted wrongfully, and in violation of the law."  (Am. Compl. ¶ 20.)  Consequently, Plaintiff's conviction was overturned.[1]  (<u>Id.</u> ¶ 21.)  Two years and five days

---

[1] Interestingly, Plaintiff omits from the Amended Complaint the date on which his conviction was overturned.  This Court noted in its Opinion dated March 30, 2007 that his conviction was overturned on November 13, 2003.

later, on November 18, 2005, Plaintiff initiated the instant action against Defendants.

## II. STANDARD OF REVIEW

**A.     Motion For Judgment On the Pleadings Under Fed. R. Civ. P. 12(c)**

A motion for judgment on the pleadings, pursuant to FED. R. CIV. P. 12(c), may be filed after the defendant has filed an answer to the complaint. Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 253 n.1 (3d Cir. 2004). The standard for a motion for judgment on the pleadings under FED. R. CIV. P. 12(c) is the same as that for a motion to dismiss under FED. R. CIV. P. 12(b) See Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004) ("There is no material difference in the applicable legal standards.").

**B.     Motion To Dismiss Under Rule 12(b)(6)**

A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974; see also In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397 (3d Cir. 2000) (stating that a complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P.

8(a)(2).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. at 1965 (internal citations omitted).  "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'"  Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 2d § 1357 at 340) (2d ed. 1990).

A court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party.  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994); see also Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him to relief, not whether that person will ultimately prevail.  Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice &

Procedure: Civil 3d § 1357 (3d ed. 2007). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

### III. ANALYSIS

Defendants argue that regardless of whether Plaintiff's claims accrued on March 26, 1993 (when he was arrested) or on November 13, 2003 (when his conviction was overturned), the Amended Complaint was not filed in a timely manner. As such, the Amended Complaint should be dismissed.[2]

**A.     Section 1983 Claims**

When analyzing the timeliness of civil rights claims, 42 U.S.C. § 1988 requires courts to apply the state law statute of limitations for the most analogous cause of action. "The statute of limitations for any Section 1983 claim is [governed by] the state statute which limits actions for personal injuries." Cito v. Bridgewater Twp. Police Dept., 892 F.2d 23, 25 (3d Cir. 1989) (citing Wilson v. Garcia, 471 U.S. 261, 276 (1985)). The same holds true for Plaintiff's claims alleged under Section 1985. See Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 79 (3d Cir. 1989) (Section 1985(3) claim); Cito, 892 F.2d at 25 (Section 1985(2) claim).

New Jersey law requires actions for personal injuries to be filed within two years after the claim accrues. The applicable statute specifically states that

---

[2] Plaintiff argues, erroneously, that Defendants waived their statute of limitations defense by litigating this action and proceeding with discovery. (Pl. Br. 3.) Defendants raised the statute of limitations defense in their Answer to the Complaint (Answer dated Aug. 21, 2006 at 10), and their Answer to the Amended Complaint (Answer dated May 31, 2007 at 6), and therefore have not waived the argument. See FED. R. CIV. P. 8(c); Rinaldo v. Komar, No. 05-3037, 2007 WL 130796, at *2 (D.N.J. Jan. 12, 2007).

> [e]very action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within 2 years next after the cause of any such action shall have accrued . . . .

N.J. STAT. ANN. § 2A:14-2.

"[T]he accrual date of a Section 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." Wallace v. Kato, 127 S. Ct. 1091, 1095 (2007). "Accrual occurs when the plaintiff has a complete and present cause of action, or, in other words, when the plaintiff can file suit and obtain relief." Elozua v. State of New Jersey, No. 04-2029, 2008 U.S. Dist. LEXIS 9762, at *7-8 (3d Cir. Feb. 11, 2008).

In Wallace, the Supreme Court of the United States held that the statute of limitations on plaintiff's false arrest and false imprisonment claims began to run on the date "when legal process was initiated against him . . . ." Id. at 1096. The Supreme Court explained that this date triggers the running of the statute of limitations because "any damages recoverable [from that point on] must be based on a malicious prosecution claim . . . ," not a false arrest or false imprisonment claim. Id.

Here, although Plaintiff's false arrest and false imprisonment claims accrued on March 26, 1993, at the time of the arrest, the statute of limitations did not begin to run until Plaintiff began a period of confinement pursuant to legal process. The Amended Complaint does not state the exact date on which he was arraigned on charges of possession of cocaine with intent to distribute. This Court may infer, however, that the charge was filed sometime after March 26, 1993 (when Plaintiff was arrested), but before August 15, 1994 (when Plaintiff was sentenced to eight years of imprisonment). Any date falling within that period would nevertheless render

Plaintiff's initiation of this action on November 18, 2005 untimely.

To the extent that Plaintiff intended to allege a claim for illegal search and seizure, in violation of the Fourth Amendment, that claim accrued, and the statute of limitations began to run, on March 26, 1993, when the State trooper stopped the car.  See Elozua, 2008 U.S. Dist. LEXIS 9762, at *17-18 (holding that illegal search and seizure claim accrued when the search and seizure occurred).  Plaintiff had knowledge of the alleged injuries when the car was stopped and Plaintiff was arrested.  The initiation of the instant action over twelve years later clearly violates the applicable two-year statute of limitations.

The Third Circuit has also applied the Supreme Court's holding in Wallace to Fourteenth Amendment selective enforcement claims.  See Elozua, 2008 U.S. Dist. LEXIS 9762, at *21 (barring plaintiff's selective enforcement claim because it was filed over two years after the defendants stopped and searched plaintiff's car).  Plaintiff's allegation that Defendants engaged in racial profiling accrued, therefore, on March 26, 1993, when Plaintiff was stopped, searched, and arrested.  By filing the Complaint twelve and one-half years later, Plaintiff failed to conform to the requirements imposed by the statute of limitations.

It is unclear what specific allegations Plaintiff attempts to raise as violations of the First, Fifth, Sixth, and Eighth Amendments.  Notwithstanding whether Plaintiff has articulated facts showing a deprivation of his First, Fifth, Sixth, and Eighth Amendment rights, Plaintiff has not filed a claim within the ambit of the applicable two-year statute of limitations.  Even if this Court were to find that Plaintiff was unaware of any injury until after his conviction was overturned on November 13, 2003, Plaintiff filed the instant lawsuit more than two years later.  As a result, any claims alleged as violations of the First, Fifth, Sixth, or Eighth Amendments are barred.

B.      **Assault and Battery Claims**

Plaintiff's assault and battery causes of action are likewise untimely. As stated earlier, New Jersey imposes a two-year statute of limitations on personal injury actions. N.J. STAT. ANN. § 2A:14-2; See also Dunn v. Borough of Mountainside, 693 A.2d 1248, 1256 (N.J. Super. Ct. App. Div. 1997) (applying two-year statute of limitations to sexual assault claim against police officer).

The New Jersey Supreme Court has "long held that a cause of action in tort accrues at the time when a right first arises to institute and maintain an action against a wrongdoer." Tevis v. Tevis, 400 A.2d 1189, 1194 (N.J. 1979) (holding that battered wife's assault and battery claims accrued on date when wife was allegedly battered). "This is usually at the time of the commission of the wrong and the suffering of injury." Id. at 1195. Plaintiff's assault and battery claims accrued on March 26, 1993, the date of the stop, when the alleged assault and battery occurred. Plaintiff filed the instant action against Defendants on November 18, 2005, more than twelve and one-half years after the incident. Plaintiff's assault and battery claims are unequivocally time-barred.

In certain circumstances, New Jersey courts have recognized the statute of limitations as running from the date when "the injured party knows, or by the exercise of reasonable diligence should have learned, that he may have a basis for an actionable claim." Tevis, 400 A.2d at 1195. This doctrine, coined the "discovery rule," does not change the result reached here. At best, Plaintiff should have learned that he may have an actionable claim against Defendants on November 13, 2003, when his conviction was overturned based on the State's alleged acknowledgment that Plaintiff was "detained, charged, and convicted wrongfully, and in

8

violation of the law." (Am. Compl. ¶ 20.)  Moreover, Plaintiff has not suggested any alternative, later date on which he learned of Defendants' alleged proscriptive conduct.  Plaintiff filed the Complaint two years and five days after his conviction was overturned, in direct contravention of the applicable statute of limitations.

Regardless of whether the statute of limitations runs from the date that the injury occurred (March 26, 1993), or from the date that the injury was discovered (November 13, 2003), Plaintiff's state law claims for assault and battery are dilatory, and warrant dismissal.

## IV.  CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss, pursuant to FED. R. CIV. P. 12(c), shall be granted.  Plaintiff's federal and state law claims were untimely, and therefore shall be dismissed.

March 25, 2008

                                        S/Joseph A. Greenaway, Jr.
                                        JOSEPH A. GREENAWAY, JR., U.S.D.J.